**MITCHELL–HUNTLEY COTTON COMPANY, INC., Plaintiff,**

v.

**W. C. LAWSON et al., Defendant and Third-Party Plaintiff,**

v.

**Jerry ADAMS et al., Third Party Defendants.**

**Civ. A. No. 2902.**

United States District Court,
M. D. Georgia,
Macon Division.

Nov. 30, 1973.

---

11. 46 U.S.C. § 1304(1).

F. Kennedy Hall & Benjamin M. Garland, Hall & Bloch, Macon, Ga., Patrick W. Richardson, Huntsville, Ala., for plaintiff.

B. J. Smith, Smith & Ray, Decatur, Ga., for T. E. Abney, Gene Newman, Lynn Newman, L. E. Barlow, Earl Barlow, James W. Fordham, Ronald Holloway and Paul Holloway.

Manley F. Brown, H. T. O'Neal, Jr., of Adams, O'Neil, Hemingway & Kaplan, Macon, Ga., for W. C. Lawson.

Denmark Groover, Jr., Byrd, Groover & Buford, Macon, Ga., for Fulton Benson, Neal Arrowood, Jake Foskey, Roy Bozeman, James H. King, T. J. King, and for third party defendants James W. Fordham, J. W. Trunnel, Jr., William T. Hall, O. D. Lee, Donald Pipkin, Mary H. Vaughn and W. C. Moore.

Whipple & Arnold, Cochran (Alvin W. Arnold), Cochran, Ga., for Albert Floyd.

Freddie Kitchens, Charlie L. Smith, T. Walton Rogers, Devoe Smith, Jr. and R. G. Smith, for third party defendants.

OWENS, District Judge:

Plaintiff by this action seeks to specifically enforce contracts under which the defendants in the early spring and preceding planting agreed to sell their cotton. The defendants and third-party defendants are all cotton farmers. Defendant W. C. Lawson is a cotton merchant who contracted with each of the other defendants and with each of the third-party defendants to purchase all or part of their respective cotton crops for

1973. He in turn sold or assigned his interest in this cotton to plaintiff. This court by its order of September 18, 1973, granted a preliminary injunction which ordered performance of the contracts pending resolution of this dispute.

None of the twenty defendants or nineteen third-party defendants deny that the contracts in question were in fact executed by them. Thirteen of the defendants and eight of the third-party defendants have, however, asserted that the contracts are invalid for various reasons, including:

1. Some or all of the contracts were executed prior to the time that the cotton seeds were planted.

2. The contracts are illegal under 1933 Georgia Code § 20–601 et seq.

3. The contracts are lacking in mutuality.

4. The contracts are not supported by consideration.

5. W. C. Lawson, as a county agricultural extension agent, should be treated as a fiduciary in his relations with farmers. The contracts were unfair and, therefore, were a breach of his fiduciary duty.

6. The contracts are too vague to be enforced.

7. The contracts are unconscionable.

Certain of the defendants also contend that there is no privity of contract between them and Mitchell-Huntley, and, therefore, Mitchell-Huntley cannot bring this suit.

The plaintiff Mitchell-Huntley and the defendant W. C. Lawson have both moved for summary judgment. The plaintiff has also moved to strike defenses asserted by the defendants because of their being insufficient as a matter of law. W. C. Lawson and all the parties who contest the validity of the contracts have moved for a declaratory judgment. Except as to the question of whether or not the contracts in question are unconscionable, there is no genuine issue as to any material fact and for the reasons hereinafter stated, plaintiff, as to all other issues, is entitled to a judgment as a matter of law. Rule 56(d), Federal Rules of Civil Procedure.

■ The contracts between W. C. Lawson and Mitchell-Huntley show clearly that Mitchell-Huntley has acquired whatever property interest Lawson had under his contracts with the other defendants. Mitchell-Huntley is therefore the real party in interest and the proper plaintiff. Rule 17(a), Federal Rules of Civil Procedure; 3A Moore's Federal Practice ¶¶ 17.07, 17.09.

■■ The contracts in dispute are contracts for the future sale of goods within the scope of Article 2 of the Uniform Commercial Code. Ga.Code Ann. §§ 109A–2–102, 2–105(1), 2–105(2), 2–106(1). A written agreement signed by the party against whom enforcement is sought constitutes a valid, enforceable contract if the writing shows that a contract has been agreed to and there is a reasonably certain basis for granting relief. A promise to buy certain goods is good consideration for a promise to sell those goods. Ga.Code Ann. §§ 20–304, 109A–2–301. A contract for the sale of crops is not invalid merely because the contract was executed before the crop in question was planted. Ga.Code Ann. §§ 109A–2–105(1), 2–105(2), 2–106(1), 2–501.

■ An examination of the contracts and a consideration of the undisputed facts before the court shows clearly that the parties intended to create a contract, that substantial promises were made by both parties and that the terms are reasonably certain to make the agreements enforceable. These conclusions are reinforced by the testimony of the defendants before this court, as well as the admissions contained in the pleadings demonstrating that the parties intended to make a contract, and that the terms of the agreements were clear.

■ Georgia Code § 20–601 et seq.,[1] does not render these contracts illegal. That statute merely legalized certain brokerage activities which had been illegal under prior Georgia law. See Layton v. State, 165 Ga. 265, 140 S.E. 847 (1927).

■■ Defendants cite no authority for their contention that an agricultural extension agent should be treated as a fiduciary in his day to day non-extension agent relations with farmers. The court finds this contention to be both irrelevant and without merit. A fiduciary relationship normally arises only when a person is entrusted with control over the money or property of another. This is not the case here. W. C. Lawson purchased these cotton crops in the course of his regular business as a cotton merchant, not as an agricultural extension agent.

■ The question of unconscionability of a contract is a question of law for the court. Ga.Code Ann. § 109A–2–302(1). Unlike all other issues, plaintiff has not carried its burden of demonstrating that there is no genuine issue as to any material fact. This issue cannot be decided until the parties have had an opportunity to present evidence in this regard. Ga.Code Ann. § 109A–2–302(2).

Accordingly except as to the issue of possible unconscionability of the contracts in question summary judgment is rendered for plaintiff.

On December 20, 1973, at 2:00 p. m., in Macon, Georgia, an evidentiary hearing will be held as to the issue of possible unconscionability. The parties at that time shall present all evidence to be presented on that issue.

---

1. See particularly Ga.Code Ann. §§ 20–602–603, which provide:

"20–602. Future delivery contracts of sale, when valid.—All contracts of sale for future delivery of cotton, grain, stocks, or other commodities, (1) made in accordance with the rules of any board of trade, exchange, or similar institution, and (2) actually executed on the floor of such board of trade, exchange, or similar institution, and performed or discharged according to the rules thereof, and (3) when such contracts of sale are placed with or through a regular member in good standing of a cotton exchange, grain exchange, board of trade, or similar institution, organized under the laws of this State or any other State, shall be valid and enforceable in the courts according to their terms: Provided, that contracts of sale for future delivery of cotton, in order to be valid and enforceable as provided herein, must not only conform to the requirements of clauses (1) and (2) of this section, but must also be made subject to the provision of the United States Cotton Futures Act approved August 11, 1916, and any amendments thereto: Provided, further, that if this clause should for any reason be held inoperative, then contracts for future delivery of cotton shall be valid and enforceable if they conform to the requirements of clauses (1) and (2) of this section: Provided, further, that all contracts as defined in section 20–601, where it is not contemplated by the parties thereto that there shall be an actual delivery of the commodities sold or bought, shall be unlawful."

"20–603. Contracts for sale of commodities without bona fide intent to deliver.—Any contract of sale for future delivery of cotton, grain, stocks, or other commodities, where it is not the bona fide intention of parties that the things mentioned therein are to be delivered, but which is to be settled according to or upon the basis of the public market quotations or prices made on any board of trade, exchange, or other similar institution, without any actual bona fide execution and the carrying out of such contract upon the floor of such exchange, board of trade, or similar institution, in accordance with the rules thereof, shall be null and void and unenforceable in any court, and no action shall be maintainable thereon at the suit of any party."